UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD V. ALMETER,

    Plaintiff,

v.	CASE No. 8:05-CV-277-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security fails to consider the alleged limitations caused by the plaintiff's sleep apnea, the decision will be reversed and the matter remanded for further consideration.

I.

The plaintiff, who was fifty-seven years old at the time of the administrative hearing and who has some college education, has worked primarily as a corrections officer (Tr. 70, 74, 531). He filed a claim for

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 8).

Social Security disability benefits, alleging that he became disabled due to diabetes, lower back injury, numbness in his right foot and leg, a broken right hand, depression and anxiety (Tr. 69). The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff suffers from severe impairments of diabetes mellitus, asthma, sleep apnea, degenerative disc disease of the lumbar spine, depressive disorder, and substance addiction disorder (Tr. 21). She concluded that, with these impairments, the plaintiff has the residual functional capacity to perform a limited range of light work that requires only occasional interaction with the public (id.).[2] The law judge determined that these limitations precluded the plaintiff from returning to his prior relevant work (id.). However, based upon the testimony of a vocational expert, the law judge decided that, prior to the plaintiff's fifty-fifth birthday, the plaintiff could have performed jobs that

---

[2]Specifically, the law judge found that the plaintiff can "lift/carry 20 pounds occasionally, and 10 pounds frequently; stand/walk for six hours in an eight-hour day; and sit for six hours in an eight-hour workday. He can never climb ladders/ropes/scaffolds, and can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. He may not work around dangerous machinery and/or unprotected heights, and must avoid concentrated exposure to dust, fumes, gases or other air pollutants" (id.).

existed in the national economy, such as small products assembler, mail clerk and merchandise marker, and that, after he turned fifty-five years of age, he could have worked as a security guard or gate guard (Tr. 20, 543-44). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402

U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff argues persuasively that the law judge failed to analyze the alleged limitations caused by his sleep apnea (Doc. 11, pp. 15-16).

The Commissioner in her memorandum did not directly respond to that argument and thus provided no answer to it (see Doc. 14, pp. 12-13).

Dr. Nagesh Salian diagnosed the plaintiff as suffering from obstructive sleep apnea based on the results of a sleep study and a CPAP (continuous positive airway pressure) titration study (Tr. 422-37, 480-81). The law judge stated in her decision that the medical evidence confirms the presence of sleep apnea, and she found that it is a severe impairment (Tr. 16, 18, 21). The finding that sleep apnea is a severe impairment means that it significantly limits the plaintiff's physical or mental ability to do basic work activities. 20 C.F.R. 404.1520(c). Consequently, the law judge needed to state in her decision what those significant limitations are.

The plaintiff testified at the administrative hearing that, as a result of his sleep apnea, he has trouble sleeping at night and that he sleeps "[m]any times" during the day (Tr. 538). The plaintiff also stated that a CPAP machine and medication that were prescribed to alleviate the sleep apnea have been unsuccessful (Tr. 537-38). The law judge noted in her decision the plaintiff's reports of daytime sleeping and that treatment appears to have been unsuccessful (Tr. 16).

The law judge did not specifically address the limitations from the plaintiff's sleep apnea. Rather, she merely stated that "the reasonable limitations resulting [from the presence of diabetes, asthma, sleep apnea and degenerative disc disease of the lumbar spine]–as supported by the objective medical evidence–have been accounted for in the residual functional capacity" (Tr. 18). However, there is nothing in the finding of residual functional capacity that makes accommodations for sleepiness during the workday (see Tr. 21, ¶6).[3]

Thus, the law judge has found essentially that the plaintiff's sleep apnea imposed significant limitations on the plaintiff's physical or mental ability to work but did not state what those limitations were. Conceivably, the law judge might have concluded that there were no functional limitations from the plaintiff's sleep apnea because she did not accept the plaintiff's testimony about taking naps during the day. That notion, however, would be inconsistent with the finding that sleep apnea is a severe impairment.

---

[3] Arguably, the limitations to avoid dangerous machinery and unprotected heights could be viewed as designed to guard the plaintiff from sleepiness. However, those limitations were said to be secondary to the plaintiff's medications (Tr. 542). Moreover, even if the limitations of avoiding dangerous machinery and unprotected heights were safety measures related to the plaintiff's alleged sleepiness, they would not be sufficient to cover an employer's expectation that an employee would not become unproductive due to the inability to stay awake during the workday.

Moreover, it would seemingly be inconsistent with the law judge's indication that reasonable limitations regarding sleep apnea were incorporated in the residual functional capacity.

In any event, if a law judge decides not to credit a claimant's testimony concerning subjective complaints, she is required to articulate explicit and adequate reasons for doing so. Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995); Walker v. Bowen, 826 F.2d 996,1001 (11th Cir. 1987). Thus, "disregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action." Walker v. Bowen, supra, 826 F.2d at 1004.

It is recognized that the law judge commented generally that the plaintiff's testimony regarding his limitations is inconsistent with the medical and non-medical evidence of record (Tr. 18). However, these comments are simply too general to permit meaningful judicial review of a rejection of the plaintiff's testimony concerning the taking of daytime naps. See Walker v. Bowen, supra. Thus, the plaintiff was found to have many severe impairments, and there is no explanation of how the plaintiff's testimony regarding daytime sleeping is inconsistent with the description of his daily

activities or his medical treatment. Further, there is no identification of the inconsistencies the law judge had in mind between the plaintiff's testimony of daytime sleeping and the information contained in the record. Thus, the credibility determination does not adequately explain a rejection of this testimony. See Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988).

In sum, the law judge needed either to incorporate into the residual functional capacity the plaintiff's need to take sleep breaks during the day, or explain why she rejected the plaintiff's testimony that his sleep apnea causes him to sleep during the day. In the latter event, it would seem that the characterization of the plaintiff's sleep apnea as a severe impairment would be overstating it, although I suppose that sleep apnea could cause a functional limitation such as decreased concentration, but not a need to take daytime naps.

Importantly, the failure to address the alleged limitation caused by the plaintiff's sleep apnea is not harmless error because the vocational expert testified, in response to the law judge's inquiry, that unscheduled breaks "in order to rest and perhaps even to sleep during the eight hour shift" (Tr. 544-45) would preclude the plaintiff from competitive employment (Tr. 545). Therefore, it is appropriate to remand this matter for the law judge to

consider adequately the functional limitation, if any, caused by the plaintiff's sleep apnea.

The plaintiff also argues that the law judge failed to apply the Eleventh Circuit's pain standard and that several of her reasons for discounting the plaintiff's complaints were factually erroneous (Doc. 11, pp. 10-15). Aside from the matter of sleep apnea, these arguments are unpersuasive.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby REVERSED and the matter is REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this 20th day of March, 2006.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE